AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>A-1: 122 S. Beaver Street, Flagstaff, AZ;<br>A-2: a 2006 Red Chrysler 300c, bearing Arizona license plate number "BDIAZ" and vehicle identification number 2C3LA63H46H451388; and,<br>A-3: the person Miles DIAZ. | Case No.  24-04004 MB |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-1, A-2, and A-3.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ___January 26, 2024___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for _30_ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: _____     **Camille D Bibles** *Digitally signed by Camille D Bibles*
                                                Date: 2024.01.12 12:05:23 -07'00'
                                                *Judge's signature*

City and state: Flagstaff, Arizona     Honorable Camille D. Bibles, U.S. Magistrate Judge
                                       *Printed name and title*

## ATTACHMENT A-1

*Property to be searched*

The property to be searched is 122 S. Beaver Street in Flagstaff, AZ (hereafter **"Subject Premises"**), further described as Rays Barber Shop is a business located in the Southside of Downtown Flagstaff, AZ in a small strip mall. The business is located on the eastside of Beaver Street and north of West Benton Ave.




Front                                                          Back

## ATTACHMENT A-2

*Vehicle to be searched*

The vehicle to be searched is a 2006 Red Chrysler 300c, bearing Arizona license plate number "BDIAZ" and vehicle identification number 2C3LA63H46H451388.



## ATTACHMENT A-3

*Person to be searched*

The person to be searched is Miles DIAZ, a thirty-seven-year-old male, approximately five feet seven inches, bald with brown eyes.



## ATTACHMENT B

*Property to be seized*

1. Any and all controlled substances.

2. Any and all ledgers, scales, or indicia of sales of controlled substances.

3. Any and all pictures of firearms or controlled substances.

4. Firearms, ammunition and items regulated by the National Firearms Act, including packing and shipping containers, labels, receipts, receipts for the purchase, modification and/or repair.

2. All firearm parts and accessories.

3. Records and documents which reflect the sale, trade, pawn, receipt, or disposition of any firearm, buyer lists, seller lists, books reflecting the value of firearms or ammunition and notes (cryptic or otherwise), pay-owe sheets, records of sales, log books, ledgers, documents and photographs which reflect relationships between unidentified co-conspirators to include personal telephone/address books.

4. Records that establish the persons who have control, possession custody or dominion over the property and vehicles searched and from which evidence is seized, such as bills, amil and indicia.

5. Safes, strong boxes, lock boxes and other secure receptacles for the maintenance of valuable items, firearms, and or documents, and any keys or other evidence of the existence and use of any lockers, safety deposit boxes or other secure receptacles located elsewhere at the premises.

6. Currency, including currency in the ATM Machine.

7. Computers, cellular telephones, tablets, and other media storage devices, such as thumb drives, CD-ROMs, DVDs, Blu Ray disks, memory cards, and SIM cards (hereafter referred to collectively as "electronic storage media");

8. Records evidencing ownership or use of electronic storage media, including

3

sales receipts, registration records, and records of payment;

9. Any records and information found within the digital contents of any electronic storage media seized from the Subject Premises, including:

   a. all information related to the sale, purchase, receipt, shipping, importation, transportation, transfer, possession, or use of firearms, ammunition and/or controlled substances;
   b. all information related to buyers or sources of firearms, ammunition and/or controlled substances (including names, addresses, telephone numbers, locations, or any other identifying information);
   c. all bank records, checks, credit card bills, account information, or other financial records;
   d. all information regarding the receipt, transfer, possession, transportation, or use of firearms or controlled substances;
   e. any information recording schedule or travel;
   f. evidence of who used, owned, or controlled the electronic storage media at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, correspondence, and phonebooks;
   g. evidence indicating how and when the electronic storage media were accessed or used to determine the chronological context of electronic storage media access, use, and events relating to crime under investigation and to the electronic storage media user;
   h. evidence indicating the electronic storage media user's state of mind as it relates to the crime under investigation;

4

i. evidence of the attachment to an electronic storage medium of another storage device or similar container for electronic evidence;

j. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the electronic storage media;

k. evidence of the times the electronic storage media were used;

l. passwords, encryption keys, and other access devices that may be necessary to access the electronic storage media;

m. documentation and manuals that may be necessary to access the electronic storage media or to conduct a forensic examination of the electronic storage media;

n. records of or information about Internet Protocol addresses used by the electronic storage media;

o. records of or information about the electronic storage media's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

p. contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as prints, slides, negatives, videotapes, motion pictures, or photocopies). This shall include records of telephone calls; names, telephone numbers, usernames, or other identifiers saved in address books, contacts lists and other directories; text messages and other stored communications; subscriber and device information; voicemails or other audio recordings; videos; photographs; e-mails; internet browsing history; calendars; to-do lists; contact information; mapping and GPS information; data from "apps," including stored communications; reminders, alerts and notes; and any other information in the stored memory or accessed by the electronic features of the computer, electronic device, or other storage medium.

This warrant authorizes a review of records and information seized, copied or disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the ATF may deliver a complete copy of the seized, copied, or disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.